IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIAM BELL, | ) | CASE NO. 8:07CV267 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| TERRY BRYSON, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, William Bell, a nonprisoner, filed his complaint on July 12, 2007. (Filing No. 1.) Plaintiff has been given leave provisionally to proceed in forma pauperis. (Filing No. 9.) Defendant filed a Motion to Dismiss on August 14, 2007 asking this court to dismiss the plaintiff's complaint for failure to properly effect service of process. (Filing No. 7.) The court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2).

**I.     INITIAL REVIEW OF COMPLAINT**

   **A.     Summary of Complaint**

Plaintiff filed his complaint on July 12, 2007, naming Terry Bryson as the defendant. Under the statement of the claims, defendant simply states that on June 9, 2006, CEO Terry Bryson told plaintiff that he was fired. Under the relief requested, plaintiff directs the court to see the attached Charge of Discrimination that plaintiff filed with the EEOC. Consistent with the liberal interpretation afforded pro se complaints, (Burke v. North Dakota Dept. of Corrections and Rehab., 294 F.3d 1043, 1044 (8th Cir. 2002)), and Rule 10(c) of the Federal Rules of Civil Procedure, the plaintiff's Charge of Discrimination and the allegations therein are deemed incorporated into the plaintiff's complaint by reference. The

Charge alleges B & W Company, Inc., terminated the plaintiff on June 9, 2006, because he had previously filed complaints alleging race/color and age discrimination under the Nebraska Fair Employment Practices Act (NFEPA), Title VII of the Civil Rights Act of 1964, and the Age Discrimination in Employment Act (ADEA).  The charge further alleges that according to defendant Terry Bryson, plaintiff's supervisor, Tim Palmer, had told Bryson that the plaintiff requested to be laid off.  Plaintiff denies that he made any such request.

### B.       Applicable Legal Standards on Initial Review

The court is required to review an in forma pauperis complaint seeking relief to determine whether summary dismissal is appropriate.  See 28 U.S.C. §§ 1915(e)(2).  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).  Thus, where a pro se plaintiff can prove no set of facts that would entitle him to relief, the complaint must be dismissed.  Conley v. Gibson, 355 U.S. 41, 45-46 (1967); Burke, 294 F.3d at 1044.

### C.       Discussion of Claims

Liberally construed, plaintiff's complaint asserts he engaged in EEO-protected activities, was subjected to an adverse employment action (i.e., termination), and this adverse employment action was causally linked to his filing of EEO claims.  The plaintiff has therefore alleged the elements of an unlawful retaliation claim in violation of NFEPA, Title VII, and the ADEA.  See Weger v. City of Ladue, 2007 WL 2669425, *13 (8th Cir. 2007); Malone v. Eaton Corp., 187 F.3d 960, 962 n. 3 (8th Cir. 1999)(noting Nebraska courts look to federal decisions when construing the NFEPA); Neb. Rev. Stat. § 48-1114.

The caption and the body of plaintiff's complaint identify Terry Bryson CEO as the defendant, although the plaintiff's charge of discrimination was filed against B&W Company. The court will grant plaintiff 30 days to file an amended complaint clarifying the identity of the named defendant or defendants.

## II.     **MOTION TO DISMISS**

The defendant Terry Byson filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5), arguing that the plaintiff's complaint should be dismissed because the plaintiff himself attempted service on the defendant. Rule 4(c)(1) of the Federal Rules of Civil Procedure states in pertinent part: "Service may be affected by any person who is not a party and who is at least eighteen years of age."

The court declines to dismiss the plaintiff's complaint for improper service. However, the plaintiff has not properly served the defendant, and his return of service (Filing No. 6), will be stricken from the court's record. The plaintiff is warned that all parties, whether represented or appearing pro se, are required to comply with the Federal Rules of Civil Procedure and this court's local rules.

IT IS THEREFORE ORDERED THAT:

1.     Plaintiff shall have until October 26, 2007, to file an amended complaint and request the issuance of new summons and form 285s for service upon the named defendant(s);

2.     The clerk is directed to strike plaintiff's return of Service, (filing No. 6), from the record;

3.     The defendant's Motion to Dismiss (filing No. 7) is denied;

4.     The clerk is directed to set a pro se case management deadline in this case using the following text: October 27, 2007-- Review amended complaint; and

3

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 25th day of September, 2007.

                                               BY THE COURT:

                                               s/Laurie Smith Camp
                                               United States District Judge